UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN LAMARR HALL,

    Plaintiff,

                                                                     Civil Action No. 08-14709

vs.                                                  DISTRICT JUDGE AVERN COHN
                                                        MAGISTRATE JUDGE STEVEN D. PEPE

MS. MILLICENT WARREN ET AL.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION**
**FOR APPOINTMENT OF COUNSEL (DKT. #5)**

      Stephen Hall is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") who is serving two 15 year sentences for Criminal Sexual Conduct in the First Degree. On November 6, 2008, Plaintiff has brought a 42 U.S.C. § 1983 for violation of his Eighth Amendment protections against cruel and unusual punishment when he was exposed to second hand cigarette smoke for a period of three months despite his medical need to be in a smoke/tobacco free environment (Dkt. #1). On November 26, 2008, Plaintiff moved to have this Court appoint him counsel (Dkt. #5). All pre-trial proceedings have been referred in accordance with the authority conferred in 28 U.S.C. §636(b) (Dkt. #8). For the reasons indicated below, Plaintiff's motion is **DENIED**.

      Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances.


*Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's request is denied.

Plaintiff's complaint focuses on an Eighth Amendment medical claim, in which he listed the Defendants by name, title and their various contributions to the alleged violation of Plaintiff's Eighth Amendment protections. He alleges that as a chronic care patient with serious medical needs, Dr. Scott L. Holmes, M.D. concluded that he needed to be placed in a smoke/tobacco free unit. A notice dated April 15, 2005, ordered that Plaintiff be placed in tobacco free housing on a permanent basis. With knowledge of the accommodation order, Defendants did not provide a smoke-free environment for Plaintiff for a three-month period from December 22, 2006 to March 24, 2007. During which time, Plaintiff alleges that he suffered injury from exposure to second hand smoke. Plaintiff filed a grievance in the Michigan Department of Corrections to remedy the situation. Two of the Defendants were involved in the investigation and review and denial of this grievance.

The factual issues raised by Plaintiff are clear and straightforward. Plaintiff has demonstrated in his complaint and subsequent filings that he understands the legal issues and can present these issues to a Court in a satisfactory manner. Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding

attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases.

Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**. After the Defendants have been served, and if dispositive motions are filed upon which Plaintiff prevails, he may at that time renew his motion for appointment of counsel to assist him at trial.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: December 29, 2008                         s/Steven D. Pepe
Ann Arbor, Michigan                             United States Magistrate Judge


Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 29, 2008 .

                               s/Jermaine Creary
                               Deputy Clerk

3