UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN HALL,

    Plaintiff,

v.                                                                                                    Case No. 08-14709

MILLICENT WARREN, KATHERINE                                       HONORABLE AVERN COHN
CORRIGAN, GERALDINE WILSON,
MICHAEL MARKEE, FRED FOLTS,
and JOSEPH R. BURTCH, M.D.,

    Defendants.

_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION
AND
GRANTING DEFENDANTS WARREN, CORRIGAN, WILSON, MARKEE, and
FOLTS' MOTION FOR SUMMARY JUDGMENT (Dkt. # 18)
AND
GRANTING BURTCH'S MOTION TO DISMISS (Dkt. # 23)
AND
DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND (Dkt. # 43)
AND DISMISSING CASE**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983 claiming violations of the Eight Amendment. Plaintiff claims that defendants violated his constitutional rights by unreasonably exposing him to environmental tobacco smoke ("ETS") while incarcerated at the Thumb Correctional Facility ("TCF").[1] The matter was referred to a magistrate judge for all pre-trial proceedings. Defendants Millicent Warren, Katherine

---

[1] Plaintiff is currently incarcerated at Parnall Correctional Facility.

Corrigan, Geraldine Wilson, Michael Markee, and Fred Folts filed a motion for summary judgment. Defendant Joseph Burtch filed a motion to dismiss. The magistrate judge issued a report and recommendation (MJRR), recommending that the motions be granted as to all defendants except Folts.

Before the Court are Folts' objections to the MJRR. Plaintiff did not file a response to the objections. However, he recently filed a motion for leave to file an amended complaint to add state law claims of medical malpractice and "deliberate indifference" against Warren and Burtch. For the reasons which follow, the MJRR will be adopted in part and rejected in part. As will be explained, plaintiff has not made out a viable claim against Folts. Accordingly, defendants' motions will be granted and the case will be dismissed. Given this determination, plaintiff's motion for leave to amend will be denied as moot.

II.

The MJRR accurately sets forth the facts, some of which are repeated here. On December 22, 2006, plaintiff was transferred to TCF from the Bellamy Creek Correctional Facility. Although smoking is prohibited at TCF, there is a housing unit, Burns Unit, which contains a further restriction prohibiting the possession of any smoking paraphernalia. Included with plaintiff's transfer papers was a Medical Transfer form. The form contained a notation that plaintiff had a Special Accommodation Notice ("SAN") for housing dated May 18, 2006 which requires plaintiff be placed in a lower bunk. Notably, the form does not state plaintiff is to be housed in a smoke free unit. Upon his arrival, plaintiff was placed in Cord Unit. As will be explained, however, plaintiff's medical records, which were also transferred to TCF, contains a prior SAN,

2

dated March 15, 2005, which requires placement in a smoke free unit.

On March 13, 2007, plaintiff filed a grievance against Markee alleging he had ignored plaintiff's request to be placed in a smoke free unit, i.e. Burns Unit. Folts is the Assistant Resident Unit Supervisor in charge of Burns Unit. During the grievance process, on March 24, 2007, plaintiff was moved to Burns Unit.

III.

As an initial matter, neither party has objected to the magistrate judge's recommendation that plaintiff's claims against Warren, Corrigan, Wilson, Markee, and Burtch be dismissed. The failure to file objections to the report and recommendation waives any further right to appeal. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the record. Thomas v. Arn, 474 U.S. 140, 149 (1985). Plaintiff's claims against these defendants are therefore dismissed for the reasons explained in the MJRR.

The portions of the MJRR to which Folts objects are reviewed de novo. 28 U.S.C. § 636(b).

IV.

A.

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' " on a prisoner by acting with "deliberate indifference" to the prisoner's serious medical needs. Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The test for determining deliberate indifference based on exposure to ETS has both objective and subjective

3

components. Helling v. McKinney, 509 U.S. 25, 35 (1993). To satisfy the objective component, a prisoner must show that his medical needs are "sufficiently serious." Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The exposure to smoke must cause more than "mere discomfort or inconvenience." Id. at 735. Additionally, the prisoner must demonstrate that the risk is one which society deems "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Helling, 509 U.S. at 36. To satisfy the subjective component, a prisoner must show that prison authorities knew of, and manifested deliberate indifference to, his serious medical needs. Id. at 32.

B.

Here, the magistrate judge found an issue of fact as to whether Folts was deliberately indifferent because, as the magistrate judge viewed the record, Folts became aware of plaintiff's need for a smoke free unit no later than January 9, 2007 yet took no action until after plaintiff filed his grievance on March 8, 2007 in seeking to secure placement in the Burns unit. This finding is based on what the magistrate judge views as a conflict in statements in Markee and Folts' affidavit. Markee states that on January 3, 2007 he reviewed plaintiff's "counselor file" and discovered the April 15, 2005 SAN for smoke free housing. Markee further states that on January 9, 2007, he called Folts and informed him of the SAN. Folts then told Markee that he could not place plaintiff at the top of the waiting list and indicated that the fact TCF was smoke free militated against a need for a transfer.

Folts, however, states in his affidavit that he did not recall being made aware of plaintiff's request to be housed at Burns Unit until a few weeks before plaintiff filed his

4

grievance, when plaintiff made a request in writing, i.e. a "kite." In other words, Folts does not recall any conversation with Markee regarding plaintiff. Folts further states that plaintiff was placed on the wait list when he filed a grievance and, due to his SAN requiring a lower bunk, it took longer than usual to place him. In any event, Plaintiff was placed in Burns unit on March 24, 2007, about two weeks after he filed his grievance.

The Court does not view the affidavits of Markee and Folts to be in such conflict as to create a genuine issue of material fact as to whether Folts was deliberately indifferent. To show deliberate indifference, there must be facts which show that Folts had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834. Folts must also have acted with reckless disregard for a substantial risk to the prisoner, that he drew the inference, and that he disregarded the risk. Farmer, 511 U.S. at 836-37.

Even assuming, contrary to Folts' statements, that he became aware of plaintiff's need for a smoke free unit in the beginning of January, instead of early March, Folts' actions do not amount to deliberate indifference. Notably, TCF is a smoke free facility. The Burns Unit simply contains an additional prohibition against the possession of smoke paraphernalia. Folts's alleged statement to Markee that he could not move plaintiff to the top of the wait list does not show a reckless state of mind but was rather a reasonable reaction in fairness to other inmates on the wait list. There is nothing in Markee's affidavit which show that Folts refused to take any action to assist plaintiff. Indeed, the record is clear that when plaintiff filed his grievance, Folts acted quickly and plaintiff was moved to Burns Unit within two weeks. Indeed, rather than a sign of Folts' deliberate indifference, the delay in accommodating plaintiff's request for the Burns Unit showed a deliberate concern on the part of Folts to accommodate both plaintiff's

5

medical related needs, his need for a bottom bunk and for a smoke-free environment.

Moreover, the record is also lacking as to proof of the objective component - that plaintiff actually suffered from a serious risk of harm due to ETS. To satisfy the objective component, plaintiff must show that his medical needs are "sufficiently serious." Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir.1992). The exposure to smoke must cause more than "mere discomfort or inconvenience." Id. at 735. The magistrate judge says that plaintiff has met this requirement based on (1) medical records showing he was treated for shortness of breath and tightness in his chest due to ETS and prescribed Albuterol and (2) the April 15, 2005 SAN for smoke free housing. This evidence, however, is from 2005. As stated above, the April 15, 2005 SAN was not mentioned on plaintiff's Medical Transfer form. Moreover, the Medical Transfer form lists several medications plaintiff was taking at the time of transfer; Albuterol is not among them. Also significant is that there are also no medical records showing that plaintiff complained of any illness relating to ETS while at TCF.

Overall, no reasonable fact finder could conclude that Folts' actions were deliberately indifferent to plaintiff's serious medical need. Accordingly, Folts is entitled to summary judgment.

IV.

For the reasons stated above, the MJRR is ADOPTED IN PART AND REJECTED IN PART. Defendants Warren, Corrigan, Wilson, Markee, and Folts' Motion for Summary Judgment is GRANTED. Defendant Burtch's Motion to

Dismiss is GRANTED.  Plaintiff's motion for leave to amend is DENIED AS MOOT.

This case is DISMISSED.

>SO ORDERED.


>>s/Avern Cohn
>>AVERN COHN
>>UNITED STATES DISTRICT JUDGE

Dated:  September 21, 2009


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Stephen Hall, 434965, Parnall Correctional Facility, 1790 E Parnall, Jackson, MI 49201-7139 on this date, September 21, 2009, by electronic and/or ordinary mail.

>>s/Julie Owens
>>Case Manager, (313) 234-5160